No. 2109

Second Circuit

————

BANK OF WINNFIELD v. CITIZENS BANK OF CAMPTI

————

(December 11, 1926. Opinion and Decree.)

————

(*Syllabus by the Court.*)

1. Louisiana Digest—Evidence—Par. 53, 351.

The plaintiff carries the burden of establishing by a fair preponderance of the evidence the essential allegations of his petition.

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of Natchitoches. Hon. J. W. Jones, Jr., Judge.

Action by the Bank of Winnfield against the Citizens Bank of Campti.

There was judgment for defendant and plaintiff appealed.

Plaintiff's suit dismissed as of non-suit.

Wallace, Lyons and Peters, of Winnfield, attorneys for plaintiff, appellant.

Breazeale and Breazeale, of Natchitoches, attorneys for defendant, appellee.

STATEMENT OF THE CASE

REYNOLDS, J.   Plaintiff, a banking corporation domiciled in Winn parish, Louisiana, sues the defendant, a banking corporation domiciled in Natchitoches parish, Louisiana, alleging that, on August 27, 1920, the Perfection Curing Company, Incorporated, requested it to cash a draft drawn by that company on the Citizens Bank of Campti for $994.82, payable to plaintiff at sight, and dated August 27, 1920, and that it called defendant on the telephone and was assured by its president that the draft would be paid on presentation and that it thereupon paid the amount to the Perfection Curing Company, Incorporated, and, on August 29, 1920, forwarded the draft to the defendant who received it not later than September 2, 1920, and that it was the duty of the defendant to return the draft within twenty-four hours after its receipt and that it neglected to return it until September 9, 1920, the draft reaching plaintiff on September 11, 1920, and that by its conduct the defendant accepted the draft and is bound as an acceptor for the amount thereof.

It is also alleged that the neglect of defendant to return the draft promptly deprived plaintiff of any opportunity it might have had to collect the amount from the drawer.

And it is further alleged that the draft in its progress from plaintiff to defendant passed through the Federal Reserve Bank of Dallas, Texas, and thereby became a foreign bill, and that the defendant neglected to have the draft protested and in consequence the drawer and endorsers of

the draft became discharged from liability thereunder and defendant became liable to plaintiff for the amount of the draft.

And plaintiff asks for judgment against defendant for $994.82 with legal interest thereon from September 2, 1920.

Defendant denied the allegations of the petition and alleged "that it had no dealings with Perfection Curing Co.; carried no account for it or with it; had no deposit for it and there was no authority in its president or other person to bind respondent and it was under no obligation to bind itself for the debt of said Curing Co."

On these issues the case was tried and there was judgment rejecting plaintiff's demand and it has appealed.

OPINION

Defendant, through counsel, made the following judicial admission.

"In this case, it is admitted by the defendant that the draft described in paragraph 3 of the petition, was received by it on September 2, 1920, from the Commercial National Bank of Shreveport, Louisiana, and that the said defendant returned said draft to the aforesaid bank on September 9, 1920, as requested by its sender. This admission is merely to admit the fact of sending and returning the draft and shall not be considered as holding defendant bank liable for the debt sued on nor as estopping defendant in any way in the defenses pleaded in the answer."

This admission placed liability on defendant, under Sections 126 and 137 of the Negotiable Instruments Law, for failure to return the draft within twenty-four hours after receiving it, and, under proper allegations, defendant would be compelled to pay it, unless the testimony of E. C.

Reidheimer overcomes the effect of the admission, on which question we express no opinion as we find it unnecessary to do so under the issues before us. This testimony is as follows:

"Q. Please examine document 2 being the check attached to the petition and state according to your best recollection, and the figures endorsed thereon, if you promptly returned the check or not?

"A. I never saw the check, and my records do not show that the check was handled through the Federal Bank of Texas. I am under the impression that it was immediately returned. That is my handwriting on the back, all my handwriting.

*   *   *   *   *

"Q. Your custom is to return checks immediately?

"A. Yes, sir, and especially when it comes in a letter with other checks, and that check undoubtedly came in a letter with a bunch of other checks, at that time, all checks were handled through the Federal Reserve Bank in 1920, a check on the Natchitoches Bank would go to the Dallas Bank and come back to me through the Dallas Bank.

"Q. And you feel sure from the indorsement in your handwriting the words 'No Account' on the back of the draft, that it was returned immediately?

"A. Yes, sir."

Plaintiff, in Articles 5 and 10 of its petition, alleged:

"That thereupon the said Bank of Winnfield paid the said draft by delivering to the said Perfection Curing Company, Incorporated, the sum of nine hundred ninety-four and 82-100 ($994.82) dollars and then remitted, on August 29, 1920, the said draft in due course, as a cash item, to the said Citizens Bank of Campti, Louisiana.

"That at the time the draft was received by the Bank of Winnfield from said Citizens Bank, it made every reasonable and diligent effort to collect the draft from the

said Perfection Curing Company, Incorporated, but was unable to do so."

Proof of the correctness of these allegations, we think, is essential in order for plaintiff to establish the fact that it had a real interest which it pursued, and such proof, we think, was essential to plaintiff's right to recover. Plaintiff having failed to introduce any evidence on this point, its demand should have been dismissed as in case of non-suit.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended, and that plaintiff's demand be dismissed as in case of non-suit. The costs of the lower court to be paid by plaintiff; those of this court to be paid by defendant.